# Albes *v.* Keith-Simmons & Co.

*Creditor's Bill to Set Aside Mortgage.*

(Decided July 2, 1907.  44 South. 693.)

*Chattel Mortgages; Possession; Retention by Mortgagor; Fraud.*—A chattel mortgage, exectued by a furniture manufacturing concern, conveying its lumber supplies, manufactured furniture, etc., which contained a provision that the mortgaged property should remain in the mortgagor's possession to be utilized and disposed of by it in the usual course of trade, with a power after notice to sell the property on default, contained a reservation for the benefit of the mortgagor, violative of section 2150, Code 1896, and was void as against the existing and subsequent creditors of the morgtgagor.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Keith-Simmons & Co., as creditors of the mortgagor against G. Ed. Albes to declare his mortgage fraudulent and void as against creditors. From a decree overruling demurrers and motion to dismiss the bill, respondent appeals. Affirmed.

MARVIN WEST, for appellant.—The retention of tools and supplies by the mortgagor who is engaged in the furniture manufacturing business does not make the mortgage constructively fraudulent as against creditors, because these are necessary to the carrying on of the business, and their use and consumption result in the creation of other goods which are subject to the claims of creditors.—*Pugh v. Harwell,* 108 Ala. 486, 18 So. Rep. 535; *Cunningham v. Freeborn,* 11 Wend. 240.

CALLAHAN & HARRIS, for appellee.—The question of multifariousness is not raised by demurrers, and therefore, cannot be considered. The allegations of the bill bring the mortgage clearly within the influence of sec-

tion 2150, Code 1896.—*O'Neal v. B'ham Brewing Co.*, 101 Ala. 288; *Christian Craft Grocery Co. v. Michael*, 121 Ala. 84; *Roden v. Norton*, 29 South. 637; *Benedict v. Renfroe*, 75 Ala. 121; *Murry v. McNeeley*, 86 Ala. 234.

DENSON, J.—Borgeson-Albes Manufacturing Company, a business corporation, was organized on the 19th day of January, 1905, with a total subscribed capital stock of forty-three shares, of which, Peter O. Borgeson owned twenty and C. Ed Albes owned nineteen.

The bill avers that Albes was secretary and treasurer of said corporation, and that the enterprise not proving a success from a financial point of view, Albes made over to Borgeson, on the 7th day of September, 1905, all of his holdings in said corporation, thus making Borgeson owner of all the capital stock of said corporation.

The bill avers that the consideration to be paid for said stock, by Borgeson to Albes, was $2,650.00, payable in monthly instalments of $50.00 each, the first instalment falling due thirty days from execution of mortgage. It further avers that on said date (September 7, 1905), Borgeson and the said corporation, to secure the payment of the indebtedness of $2,650.00, executed to C. Ed Albes a mortgage on certain real estate and personal property which is fully described in the bill. The mortgage was duly recorded on the 11th day of September, 1905.

It is shown by the averments of the bill that the property conveyed belonged, at the time of the execution of the mortgage, to the corporation. It further appears from the bill that the business of the corporation is that of manufacturing lumber and timber into furniture and selling it.

It is averred that the mortgage, so far as the corporation is concerned, is voluntary; that the mortgaged

[Albes v. Keith-Simmons & Co.]

property included a lot of plain and quarter-sawed oak lumber, a lot of supplies, glue, varnishes, etc., and a lot of tables—of all of which, it is averred, the mortgagor was in possession, and from which it was engaged in manufacturing furniture, fixtures, etc.; and that the mortgagee allowed the lumber and supplies, such as glue, varnish, oils, sand-paper, and tables, to remain in the mortgagor's possession, to be utilized and to be made up and disposed of during the course of trade, shielded and protected from the creditors of the corporation.

It is shown by the terms of the mortgage that the mortgagors are to remain in possession of all the property, and that on default in payment of the indebtedness secured thereby, the mortgagee has the power, after notice given, to sell the property to the highest bidder for cash.

The creditors of the corporation (some of whom are creditors whose debts were in existence at the time the mortgage was executed, and some of whom are subsequnt creditors) filed this bill, to have the mortgage declared fraudulent and void as to them.

It has been uniformly held by this Court that, where the law day of a mortgage is fixed at a future date, when the mortgagee may take possession of the mortgaged property for the purpose of foreclosure, the mortgagor is impliedly left in possession of the property, and if the property employed in trade is of a shifting character, as a stock of goods in a store, the mortgagor has the implied power to sell and dispose of the property; and this constitutes the reservation of a benefit to the mortgagor, which stamps the mortgage as fraudulent in law against creditors.—*Roden & Co. v. Norton & Co.*, 128 Ala. 129.

But it is argued by appellant's counsel that the retention of lumber, tools and supplies, by the mortgagor engaged in the furniture manufacturing business, does not

[Albes v. Keith-Simmons & Co.]

make the mortgage constructively fraudulent as against creditors, because these are necessary to the carrying on of the business and their use and consumption result in the creation of other goods which are subject to the claims of creditors. It will be observed that the argument stops short of the full statement of the proposition. It may be conceded that the retention of possession merely for the purpose of manufacturing the supplies mortgaged, into quick assets, to be held subject to the mortgage, would not infect the mortgage with fraud; but when it reaches further, and affords the mortgagor the power of selling and disposing of the assets, as is alleged in this bill,—this is the reservation of a benefit, which taints the transaction and stamps it a legal fraud.

That there is no distinction, in the application of this principle, between a mortgage that conveys a stock of merchandise in a store, and one that conveys lumber and other material which may be by the mortgagor, in the due course of its business, manufactured into furniture for the market, and disposed of for the mortgagor's use and benefit, is fully illustrated by the case of *Christian & Craft Grocery Co. v. Michael & Lyons,* 121 Ala. 84.

The benefit being reserved by the mortgage, as is alleged in the bill, rendered the mortgage void as against the existing and subsequent creditors of the mortgagor. —Code, § 2150, and authorities supra.

The decree of the chancellor is in consonance with what has ben here said, and it follows that it must be affirmed.

Affirmed.

Tyson, C. J., and Haralson and Simpson, JJ., concur.

## (On Application for Rehearing.)

The point is made that the bill seeks to have the mortgage declared void because constructively fraudulent, and therefore that it should not be declared fraudulent as to the machinery and other property of a fixed nature therein conveyed, but merely as to the lumber and other supplies to be manufactured into furniture, etc. Whatever of merit there may be in this contention, the point was not raised by any of the objections taken to the bill in the court below. It is therefore not presented for our consideration and upon it we express no opinion.

The application for a rehearing is overruled.