# Beasley, *et al. v.* Burroughs & Taylor Co.

## Assumpsit.

### (Decided May 18, 1916.   72 South. 122.)

1. **Fraudulent Conveyance; Reservation of Benefit; Right of Creditors.**—
Under § 4287, Code 1907, a mortgage on a stock of goods to secure an exist-
ing indebtedness, as well as future indebtedness, with the parol agreement
that the mortgagor should retain possession of his stock of goods, and carry
on the business under his own name, and sell the goods and keep the stock
insured, was such a reservation of benefit to the mortgagor, as rendered the
mortgage void as against creditors of the mortgagor.

2. **Same.**—The mere fact that a mortgagor is employed by the mortga-
gee, before or after the execution of the mortgage, and is authorized as the
agent of the mortgagee to sell the goods in the regular course of trade,
would not be such a reservation of benefit to the mortgagor as to render the
mortgage void under § 4287, Code 1907.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Suit by the Burroughs & Taylor Company against J. T. Beas-
ley and another for the breach of a forthcoming bond in at-
tachment.   Judgment for plaintiff, and defendant appeals. Trans-
ferred from the Court of Appeals under Act April 18, 1911
(Laws 1911, p. 450) § 6.   Affirmed.

The attachment was issued at the instance of plaintiffs
against W. C. Parish and levied upon a lot of dry goods, and the
bond was given for the forthcoming of the goods if found liable to
attachment as the property of W. C. Parish. It is alleged that de-
fendants failed to make and set forth their claims in a written af-
fivadit as required by the statute, and that judgment was rendered
in the original suit in favor of plaintiffs, and against Parish, and
defendants have failed to deliver the property described therein.
The defendant filed the general issue and a plea setting up the
ownership of the goods under mortgage covering the property in
question, and that the amount secured by the mortgage was
greatly in excess of the value of said stock of goods, and the
other property embraced in the mortgage.   The other facts suf-
ficiently appear in the opinion.

W. O. MULKEY, for appellant.   W. R. CHAPMAN, for appellee.

[Beasley, et al. v. Burroughs & Taylor Co.]

MAYFIELD, J.—This appeal involves only one question; that is, the validity of a mortgage, as against creditors of the mortgagor.

The mortgage was chiefly on a stock of goods being used in trade in a mercantile business by the mortgagor, though there was also other property embraced therein. The mortgage was executed to secure existing indebtedness, as well as debts to be incurred in the future. The instrument contained, among others the following provisions:

"It is understood and agreed by the mortgagors and J. T. Beasley that the proceeds from the sale of the said stock of goods is to be placed to the credit of said mortgage indebtedness until fully paid, with interest on same less the actual running expenses to carry on said business. We further agree to keep said stock of goods fully insured, seventy-five per cent. on the dollar."

The mortgage was dated December 14, 1907, and the law day was May 1, 1908.

It also appears without dispute that there was a parol agreement between the mortgagor and the mortgagee, as to the continuation of the business and sale of the goods mortgaged, and as to a salary to be paid the mortgagor. This parol agreement is stated by the mortgagor as follows:

"The witness remembers about the sheriff coming over to Samson in March, 1908, and at that time he was in business in a way, according to contract; he was in charge of a stock of goods just like it is on record. Witness was there in charge of a stock of goods, and was operating the business under the name of W. C. Parish; he had a sign in front of the store, and it was W. C. Parish, and there was no other name, just W. C. Parish; that he had been there nearly over a year then; that after the levy after the sheriff came there he continued to operate it there until some time in May; he operated it for six weeks later than that; and he continued to operate it in the name of W. C. Parish, and during all that time he was selling some goods, and kept offering them for sale, a few of them, and were selling for cash; he did not sell any goods on credit; no one stayed in the store with him at that time; he had no clerk and the business was operated in his name all during the time from March, 1907, on up until some time in 1908; that he had the key to the store; that the bills that were made by the store were paid by him and goods were bought in his name,

[Beasley, et al. v. Burroughs & Taylor Co.]

"The witness further stated that there was another agreement between him and Beasley, at the time of the execution of the mortgage, that Mr. Beasley told him that he believed that by managing the business properly that it would pay them to remain on in the business, and he would carry the amount for him, if he (Parish) would secure it. That was before he gave him the first mortgage. The last one, he agreed to do the same thing, and, if he (Parish) would go ahead and run it under his (Beasley's) direction, he (Beasley) would assist him in every way that he could; that he would stand by him in running it.

"The witness stated that Mr. Beasley told him that he would not allow him over $50 per month; if the business warranted it, that he would allow him (Parish) these running expenses there; that if the business ran over $50 a month he would allow him $50 a month for a salary, but it wasn't to exceed $50 a month."

(1) The trial court gave the affirmative charge for the plaintiff, on the theory that the mortgage was in violation of section 4287 of the Code, which is leveled against conveyances in trust for the grantor, and declares such conveyances void in favor of existing or subsequent creditors.

This statute has been before this court for construction in many cases, some of which are cited in the notes or annotations to this section in the Code. Every case must depend upon its own particular facts; but there are certain general principles, announced in many cases, which we think control the decision in this case, and render the mortgage void at the suit of the mortgagor's creditors, in a court of law or of equity. In the case of *Albes v. Keith-Simmons & Co.*, 152 Ala. 454, 44 South. 693, one of these principles is stated as follows: "It has been uniformly held by this court that, where the law day of a mortgage is fixed at a future date, when the mortgagee may take possession of the mortgaged property for the purpose of foreclosure, the mortgagor is impliedly left in possession of the property, and if the property employed in trade is of a shifting character, as a stock of goods in a store, the mortgagor has the implied power to sell and dispose of the property; and this constitutes the reservation of a benefit to the mortgagor, which stamps the mortgage as fraudulent in law against creditors.—*Roden & Co. v. Norton & Co.*, 128 Ala. 129 [29 South. 637]."

The case at bar is brought squarely within this rule by the undisputed evidence. The facts in this case are not distinguish-

able in legal effect from the facts in the case of *Roden & Co. v. Norton & Co.*, 128 Ala. 129, 29 South. 637, or those in *Birmingham Dry Goods Co. v. Roden & Co.*, 110 Ala. 511, 18 South. 135, 55 Am. St. Rep. 35. The mortgages in each of these cases were declared void by the court.

(2) It is very true that the mere fact that the mortgagor is employed by the mortgagee and paid a salary, before or after the mortgage is executed, and is authorized as the agent of the mortgagee to sell the goods in the regular course of trade or otherwise, would not be such a reservation of a benefit as to render the mortgage void.—*Murray v. McNealy*, 86 Ala. 234, 5 South. 565, 11 Am. St. Rep. 33; *Richardson v. Stringfellow*, 100 Ala. 416, 14 South. 283; *Bamberger v. Schoolfield*, 160 U. S. 149, 16 Sup. Ct. 225, 40 L. Ed. 374. The record in this case, however, and in the cases cited above, of 128 Ala. 129, 29 South. 637, 110 Ala. 511, 18 South. 135, 55 Am. St. Rep. 35, and 152 Ala. 452, 44 South. 693, shows a great deal more than this. This record shows that the business mortgaged was in fact carried on in the name of the mortgagor, and largely for his benefit, and that he did in fact and in law receive benefits from it. While the provisions in the mortgage in question are somewhat different from those in the other cases, the undisputed evidence shows that by the parol agreement the mortgagor was to receive a benefit, and that he did receive benefits, by virtue of the mortgage, which he would not have received but for the parol agreement; and hence the case must fall within the condemnation of the rule of the decisions, and of the statute cited above.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS., JJ., concur.